**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**RICHARD HALE** **PLAINTIFF**

**V.** **No. 3:26-CV-00086-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner** **DEFENDANT**

**ORDER**[1]

Plaintiff Richard Hale appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

## I. Background

In November and December 2023, Mr. Hale filed an application for benefits alleging hypertension, heart issues, depression, back pain, leg pain, rectal issues, colon issues, migraines, seizures, and mental health issues. *Tr. 17, 241.*

Mr. Hale's claim was denied initially and upon reconsideration. On August 18, 2025, an Administrative Law Judge ("ALJ") heard testimony from Mr. Hale and a vocational expert ("VE"). *Tr. 36-52.* On August 29, 2025, the ALJ issued a decision finding that Mr. Hale was not disabled. *Tr. 17-30.* The Appeals Council

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 5.*

denied Mr. Hale's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Mr. Hale, who was fifty-four years old at the time of the hearing, has an 11th-grade education and no past relevant work experience. *Tr. 28, 40-41, 49.*

## II. The ALJ's Decision[2]

The ALJ found that Mr. Hale had not engaged in substantial gainful activity since the amended alleged onset date of November 29, 2023. *Tr. 19.* The ALJ also concluded that Mr. Hale had the following severe impairments: obesity; degenerative changes of the lumbar spine; right shoulder arthritis/tendonitis; neuropathy; peripheral artery disease; and coronary artery disease/atherosclerosis. *Tr. 20.* However, the ALJ concluded that Mr. Hale did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 23.*

According to the ALJ, Mr. Hale had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) occasional climbing of ramps and stairs, balancing, stooping, crouching, kneeling, and crawling; (2)

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)(4).

occasional overhead reaching; (3) occasional exposure to pulmonary irritants; (4) no climbing ladders, ropes, or scaffolds; (5) no exposure to unprotected heights. *Tr. 24*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Hale could perform, including cashier and cleaner. *Tr. 29, 50.* Accordingly, the ALJ determined that Mr. Hale was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B. Mr. Hale's Arguments for Reversal**

Mr. Hale contends that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) adopted an unsupported RFC; and (2) erred in the assessment of the subjective complaints. *Doc. 8.*

**C. Analysis**

Mr. Hale argues that the RFC is erroneous because "[t]he record does not support a finding that [Mr.] Hale could stand and/or walk to the extent required for light work on a full-time basis." *Id.* He also contends that the ALJ failed to consider that his reaching might be difficult in directions other than simply overhead reaching. Finally, he asserts that the "consistency/credibility analysis was virtually nonexistent, despite [Mr.] Hale's subjective complaints of pain being a significant component of his disability claim." *Id.*

Mr. Hale bears the burden of proving his RFC, which represents the most he can do despite the combined effects of his credible limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 416.945(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of her limitations." *Pearsall v. Massanari*, 274 F.3d

1211, 1217 (8th Cir. 2001). The ALJ must consider all the claimant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929(a).

Normally, the Court should defer to an ALJ's assessment of the claimant's subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the consistency between subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant's daily activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective allegations may be discounted if the evidence, as a whole, is inconsistent with the allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In short, an ALJ may discredit some or all of the subjective statements in the record, based on a review of the above *Polaski* factors. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Mr. Hale's complaints and the record. In finding that Mr. Hale could perform light work with some limitations, the ALJ specifically considered the following: (1) Mr. Hale "has mild lumbar changes and arthritis/rotator cuff tear/tenosynovitis of the right shoulder, but his shoulder issue was only recently diagnosed in June 2025"; (2) he "has coronary artery disease with by grafting approximately one year ago, but he has recovered well, and this condition was stable"; (3) "EMG-nerve conduction studies were normal"; (4) "peripheral artery disease was mild" and there was "no evidence of hemodynamically significant arterial stenosis in either lower extremity"; and (5) "exercise tolerance did not appear to be limited by leg ischemia." *Tr. 27.*

Mr. Hale argues that the ALJ failed to consider his complaints of pain. *Doc. 8*. To the contrary, the ALJ specifically found that "occasional postural limits were warranted due to claimant's complaints of pain . . . ." *Tr. 27*.

Mr. Hale asserts that although the ALJ considered limitations to overhead reaching, it is "highly likely that [Mr. Hale] would have difficulty reaching in other directions as well." *Doc. 8*. If Mr. Hale believed that to be true and supported by the record, he could have raised the issue when given the opportunity to question the VE. Instead, Mr. Hale's lawyer had no questions for the VE. *Tr. 50*.

The ALJ noted that Mr. Hale "came to the hearing with a cane, but there was no documented medical need for a cane. His gait was frequently noted to be normal." *Tr. 27, 392, 398, 629, 723, 737, 743.* Additionally, his treatment providers repeatedly encouraged exercise and walking. *Tr. 380, 739, 759, 1041, 1727, 1562.* "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). In October 2024, Mr. Hale reported that he was taking 90-minute walks daily. *Tr. 26, 1561.*

The ALJ listed the relevant impairments, discussed them, and scrutinized the medical records, ultimately finding that Mr. Hale was not disabled. *Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records). Mr. Hale's attacks on the ALJ's opinion are a request that I reweigh the evidence, but that is not my role. *Bonham v. Bisignano*, 177 F.4th 934, 940 (8th Cir. 2026) ("We do not reweigh the evidence."); *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016) ("It is not the role of this court to reweigh the evidence presented to the ALJ.").

"So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision

or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

The record contains substantial evidence to support the ALJ's conclusion that Mr. Hale could perform a reduced range of light work.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Mr. Hale's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that the Commissioner's decision is affirmed, and judgment will be entered accordingly.

Dated 23 November 2026.

UNITED STATES MAGISTRATE JUDGE